## WHITAKER *vs.* HUDSON.

Though a blacksmith shop may not be a nuisance *per se*, yet the discretion of the chancellor enjoining its erection will not be controlled where the affidavits submitted as to whether the shop, under the circumstances of this particular case, would constitute a nuisance, preponderated, in his opinion, in favor of complainant.

Injunction.    Nuisance.    Before   Judge   BUCHANAN.
Heard County.    At Chambers.    March 2nd, 1880.[1]

Reported in the opinion.

C. W. MABRY; P. H. WHITAKER, JR., for plaintiff in error.

GEORGE A. CARTER, for defendant.

CRAWFORD, Justice.

The complainant in the court below filed his bill alleging that the defendant had commenced the erection of a blacksmith shop within seventy-five feet of his dwelling house, without a necessity therefor, as he now has and owns another in the same village; that it is done to annoy and worry him and his family, and to force upon him the purchase of the land upon which it is to be erected at double the real value thereof; and that the shoeing of horses, shrinking of tires, the unhealthy and disagreeable smoke issuing therefrom, the noise from the blowing of bellows, two of which are to be used, the hammering on the anvils, the obstruction of his view to the street, and the danger from fire, all conspire to make the same a nuisance by reason of its location, and the effect in diminishing the value of his residence, the injury to himself and family in their comfort and happiness, as well as the inevitable loss of his wife's health. Wherefore he prayed an injunction against the erection of the said blacksmith shop.

The defendant answered the bill denying the purpose and intent attributed to him, and alleging that the lot is

worth the money asked for it; that the same was its reasonable market value; that it would not endanger the complainant's house from sparks or fire, as he intended to have forges of stone or brick, with proper arches, flues and bonnets on the tops; that he only intended to work for the public, and not to annoy or affect the health or comfort of complainant's wife or family; that the shop does not obstruct the view from complainant's house; that he does own another shop, but it is beyond the railroad depot, and inconvenient for his customers, and, therefore, as he was only seeking to use and enjoy his property in a lawful way, he prays to be dismissed with his reasonable costs.

The parties to this bill supported their respective sides with numerous and conflicting affidavits, the chancellor heard and considered them, and after argument had thereon, granted an injunction restraining the defendant from the erection of the said shop until the final hearing on the merits; whereupon the defendant excepted and resorted to his writ of error.

Whilst we are prepared to hold that a blacksmith shop is not a nuisance *per se*, yet as there may be circumstances in which it could be shown that it was, we are not prepared to hold, on the other hand, that in no case can it be shown by proof that it was in fact a nuisance. The granting of this injunction by the chancellor shows that the evidence, in his opinion, preponderated in favor of the complainant, and that he would allow a jury to pass thereon, and therefore we will not interfere with his judgment. And we will add, that if he had refused it we should not have reversed it, but would have allowed the case to have gone before the jury under the law, and let it be ascertained upon the trial whether, in the enjoyment and exercise of a clear legal right, which is not declared by the law or the courts to be a nuisance *per se*, it is possible that it may be so used as to become a legal injury and an infringement on the legal rights of others, and therefore a nuisance. Hence we affirm the judgment.